**Orville BOLIN, Ezekielisha Anselme, Plaintiffs,**

**Roland Camacho, Plaintiff–Appellant,**

**v.**

**HARVARD PROTECTION SERVICES, INC., and Harvard Protection Services, LLC, Defendants–Appellees,**

**Macklowe Properties, Inc., et al., Defendants.**

**No. 06–4903–cv.**

United States Court of Appeals, Second Circuit.

May 13, 2008.

Wylie M. Stecklow, Mark Silverman, Wylie Law, David A. Thompson, law student, New York, NY, for Appellant.

Perry S. Heidecker, Joseph M. Labuda, Matthew J. Mehnert, Jamie S. Felsen, Lake Success, NY, for Appellees.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges, and Hon. MIRIAM GOLDMAN CEDARBAUM,[1] District Judge.

## SUMMARY ORDER

Plaintiff-appellant Roland Camacho appeals from the September 27, 2006 judgment of the United States District Court for the Eastern District of New York, entered after a jury verdict in favor of defendants on all of Camacho's claims, including his principal claim of retaliation in violation of 42 U.S.C. § 1981. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Camacho appeals on the grounds that (1) several of the district judge's evidentiary rulings precluded Camacho from having a full and fair opportunity to try his case, (2) the district judge abused his discretion by failing to rule on the issue of successor liability, and (3) the district judge abused his discretion by allowing defendants to file an untimely amended answer. Camacho also argues that defendants should be sanctioned for alleged misrepresentations made to the district court and for failure to produce all relevant documents. Camacho seeks reversal with instructions to enter judgment against defendants, or, failing that, a new trial.

We review evidentiary rulings "under a deferential abuse of discretion standard and give district court judges 'wide latitude in determining whether evidence is admissible at trial.'" *Meloff v. New York Life Ins. Co.,* 240 F.3d 138, 148 (2d Cir. 2001) (quoting *Caruolo v. John Crane, Inc.,* 226 F.3d 46, 54 (2d Cir.2000)). A district judge's rulings under Fed.R.Civ.P. 6(b) are also reviewed for abuse of discretion. *Sanozky v. Int'l Ass'n of Machinists & Aero. Workers,* 415 F.3d 279, 283–84 (2d Cir.2005).

Camacho argues that the district judge excluded the testimony of Ezekielisha Anselme. That is not a correct reading of the record. The district judge asked Camacho's counsel if he was going to call Anselme, and counsel responded, "No." Counsel informed the court that a subpoena had been served on Anselme, but that, given the pace of the trial and the fact that Anselme would probably not be present that afternoon, counsel would have to resolve the issue of whether Anselme would testify at all. Two days later, Anselme became available to testify. However, at that point the defense had rested and summations were about to begin. The district judge declined to delay the trial for Anselme's late testimony, finding that further discrimination testimony would be cumula-

---

1. The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

tive. The district judge's decision was not an abuse of discretion.

Camacho argues that the district judge prevented him from presenting statistical evidence of discrimination. Camacho's appeal on this issue is without merit. Four years before trial, the magistrate judge denied plaintiffs' motion to amend their complaint to allege wage disparity. The wage disparity claim would have been based on statistical evidence regarding the average rates of pay offered to white and black workers. The magistrate judge ruled against plaintiffs because the wage disparity claim did not arise out of the same conduct as the original complaint and was otherwise time barred. The district judge, in an order dated February 24, 2003, adopted the recommendation of the magistrate judge regarding the wage disparity claim. That order was not an abuse of discretion.

Camacho argues that the district judge limited his testimony regarding the foul language used by one of his supervisors, Mirjana Mirjanic. Camacho has again characterized the record incorrectly. The district judge precluded testimony regarding another employee's deposition, at which the employee recalled hearing from Camacho about Mirjanic's foul language. The district judge found that the employee's testimony would be irrelevant as to whether Mirjanic had actually used foul language. Camacho, however, was free to testify that Mirjanic had used such language, and the district judge stated, "I'm not restraining you from arguing that. I'm not even restraining you from arguing whether she has been truthful about whether she used profanity...." Camacho's appeal on this ground is without merit.

Camacho also argues that the district judge prejudiced the jury by remarking that one of Camacho's sexually charged comments to Mirjanic was "obviously a legitimate basis for a termination." District judges "are given discretion to manage trials so that evidence is effectively presented." *United States v. Quattrone*, 441 F.3d 153, 183 (2d Cir.2006). The right to a fair trial is infringed only when "a judge's questions and comments convey to the jury that the judge disbelieves the defendant's testimony." *Id.* "[T]he trial court may actively participate and give its own impressions of the evidence or question witnesses, as an aid to the jury, so long as it does not step across the line and become an advocate for one side." *United States v. Filani*, 74 F.3d 378, 385 (2d Cir. 1996).

■ The district judge's comments were not prejudicial. The district judge was responding to a confusing line of questioning pursued by Camacho's counsel, who was eliciting irrelevant testimony that Mirjanic, as Camacho's supervisor, had no *quid pro quo* sexual harassment claim against Camacho. The district judge reminded the parties and the jury that the relevant issue was Camacho's termination, not a claim by Mirjanic for sexual harassment. Camacho's appeal on this issue is without merit.

Camacho argues that the district judge made a "blanket ruling" to bar all evidence of discrimination and then applied its blanket rule unfairly. Nothing in the record supports Camacho's argument that the district judge instituted such a blanket rule. On the contrary, Camacho and another terminated employee, Orville Bolin, testified at length regarding their allegations of discrimination. The district judge did exclude documentary evidence in the form of certain personnel documents relating to four nonparty former employees. The district judge excluded this evidence pursuant to Rule 403, finding that the probative value of these documents was "far out-

weighed" by the unnecessary confusion it would cause among jury members. Because Mirjanic denied terminating these four employees, the district judge was concerned that admitting the documents would lead "down four separate litigation roads that aren't necessary to the outcome of this litigation." This ruling was not an abuse of discretion.

Camacho appeals from the district judge's limiting instruction to the jury regarding Bolin. The district judge ruled that Bolin could testify regarding his discrimination lawsuit, but the merits of his underlying claim, which he settled, would not go before the jury. The district judge did not want to create a trial within a trial. His ruling was not an abuse of discretion.

Camacho argues that he was prejudiced by the court's failure to decide whether Harvard Protection Services, LLC, was a successor to Harvard Protection Services, Inc., as a matter of law. Camacho maintains that an unfair trial resulted because he was forced to call adverse witnesses and because the issue confused the jury. Camacho's appeal on this ground is without merit. First, Camacho did not ask the court for a pre-trial ruling on the issue of successor liability. Instead, he recognized that the issue was part of his case-in-chief and that relevant facts were established at trial. Second, when defendants moved for summary judgment before trial, Camacho failed to move for summary judgment on any issue, including successor liability. In some circumstances, a district court may grant summary judgment to a nonmovant. *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir.2000). Even if we construe Camacho's opposition papers as a request for summary judgment and as proper notice to defendants, it was not an abuse of discretion for the district judge to refrain from ruling on successor liability until after the jury verdict.

Camacho appeals from the district judge's decision to allow an amended answer to be filed three years after the amended complaint. Fed.R.Civ.P. 6(b)(1)(B) states, "When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." To determine whether neglect is excusable, "a district court should take into account: '[1] [t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.' " *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir.2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). "As these factors suggest, 'excusable neglect' is an 'elastic concept,' that is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.' " *Tancredi*, 378 F.3d at 228 (quoting *Pioneer*, 507 U.S. at 392, 395, 113 S.Ct. 1489).

█ The district judge did not abuse his discretion by accepting defendants' stated good faith basis for filing late. Camacho argues that he was prejudiced by false statements made in the amended answer. He points to slight differences in the amended answer and the trial testimony, but no difference amounts to a perjured statement. For example, Camacho complains that in the amended answer, defendants denied knowledge as to whether Mirjanic had been the 50% owner of Harvard Protection Services, Inc., yet three days later there was defense testimony that Mirjanic had owned 50%. Camacho mischaracterizes the amended answer.

Defendants only denied knowledge that Mirjanic was a majority owner of two new security companies formed in 2000. As to Mirjanic's ownership of Harvard Protection Services, Inc., the amended answer "admit[ted] Mirjanic had an ownership interest." Camacho complains of similar discrepancies and inaccuracies, all of which are equally insubstantial. His allegations of prejudice are unfounded.

Camacho requests sanctions based on the allegedly false statements made in the amended answer and based on an alleged failure to disclose relevant documents before trial. Camacho did not seek sanctions before the district court and has therefore waived this issue on appeal. "[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994).

We have considered all of Camacho's grounds for appeal and found them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.