**Anthony HARRIS, Plaintiff–Appellant,**

v.

**Security Captain BOWDEN, et al., Defendants–Appellees.**

No. 07–3265–pr.

United States Court of Appeals, Second Circuit.

Oct. 19, 2009.

Anthony Harris, pro se.

* The Honorable Gerard E. Lynch, of the United States District Court for the Southern District

Michael Chestnov, Corporation Counsel, Department of Law, City of New York, New York, NY, for Appellees.

PRESENT: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, Circuit Judges, GERARD E. LYNCH,* District Judge.

### *AMENDED SUMMARY ORDER*

Plaintiff–Appellant Anthony Harris, appearing *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Preska, J.), granting defendants' motion for summary judgment as to all of Appellant's 42 U.S.C. § 1983 claims, except for the claim arising from the allegation of assault by Appellee James Correa. Appellant also appeals from the judgment of the district court upon a jury verdict in favor of Correa. We assume the parties' familiarity with the facts and procedural history.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). Because Appellant has not challenged the district court's dismissal of his claims against defendants Mgichy, Blanch, Garant, White, Hardy, and Rawlins for failure to effect proper service, he has waived those arguments. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995) (holding that, when a litigant raises an issue before the district court but does not raise it on appeal, it is abandoned, and that this rule may be applied to *pro se* litigants).

of New York, sitting by designation.

■ For substantially the same reasons as the district court, we find that the district court properly granted summary judgment. First, the Prison Litigation Reform Act (PLRA) requires prisoners to exhaust administrative remedies before bringing suit. *See* 42 U.S.C. § 1997e(a); *Johnson v. Rowley,* 569 F.3d 40, 44 (2d Cir.2009). The PLRA's "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Although Appellant provided evidence of having filed some grievances relating to the denial of access to the law library, he did not establish that he had filed grievances as to the failure to produce him in court or the failure to provide treatment for asthma. Moreover, as to the grievances he did file, Appellant provided no evidence that he exhausted grievance procedures by appealing the denial of such grievances. Thus, he failed to exhaust the bulk of his claims against the prison officials.

■ Second, the claims against the City of New York properly were dismissed, as Appellant failed to provide any evidence that the City had a policy or custom of denying medical treatment or not addressing inmate grievances. *See Dunton v. Suffolk County,* 729 F.2d 903, 907 (2d Cir. 1984). Moreover, the City cannot be held liable under a theory of *respondeat superior. See Monell v. Department of Social Services,* 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Finally, we find none of Appellant's attacks on the jury verdict persuasive. We review the district court's evidentiary rulings for abuse of discretion. *Arlio v. Lively,* 474 F.3d 46, 51 (2d Cir.2007). The district court did not abuse its discretion by excluding irrelevant evidence, or evidence as to which Appellant failed to provide proper notice by failing to identify in advance of trial the witnesses and documents or exhibits he intended to use at trial. We review challenges to the district court's jury instructions *de novo. See Hudson v. New York City,* 271 F.3d 62, 67 (2d Cir.2001). The district court properly declined to include the jury instructions sought by Appellant, as they were not relevant to the issues contested at trial. With respect to the conduct of the trial, the "trial-management authority entrusted to district courts includes 'the discretion to place reasonable limits on the presentation of evidence.' " *United States v. Quattrone,* 441 F.3d 153, 183 (2d Cir.2006). The right to a fair trial is infringed only when "a judge's questions and comments convey to the jury that the judge disbelieves the ... testimony." *Id.;* see also *Bolin v. Harvard Protection Svc., Inc.,* 277 Fed.Appx. 102, 104 (2d Cir.2008). Appellant failed to show that any prejudice resulted from the district court's comments, which were in the service of managing the trial and keeping the proceedings running in orderly fashion.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.