07-2213-pr
Johnson v. Rowley

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————

August Term, 2008

(Submitted: May 20, 2009                                    Decided: June 11, 2009)

Docket No. 07-2213-pr

————————

NEIL JOHNSON,

*Plaintiff-Appellant*,

—v.—

M. ROWLEY, in his official and individual capacity,

*Defendant-Appellee*.

————————

B e f o r e :

MINER, KATZMANN, and RAGGI, *Circuit Judges*.

————————

Appeal from a judgment of the United States District Court for the Southern District of New York (Brieant, *J.*) entered on March 7, 2007, adopting the Magistrate Judge's Report and Recommendation insofar as it recommended dismissing the first, second, and fourth claims pleaded in the complaint, and dismissing the third claim pleaded in the complaint without prejudice. Affirmed.

————————

Neil Johnson, *pro se*, Otisville, N.Y., *Plaintiff-Appellant*.

Matthew L. Schwartz, Assistant United States Attorney (Elizabeth Wolstein, Assistant United States Attorney, *on the brief*), *for* Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, N.Y., *for Defendant-Appellee.*

———————

PER CURIAM:

This case calls upon us to determine principally whether an inmate in a federal correctional institution has a constitutionally protected property interest in his prison job assignment. Plaintiff-appellant Neil Johnson appeals from a judgment of the United States District Court for the Southern District of New York (Brieant, *J.*) entered on March 7, 2007, adopting the Report and Recommendation ("R & R") of Magistrate Judge Mark D. Fox insofar as it recommended dismissing the first, second, and fourth claims pleaded in the complaint. The district court dismissed the third claim pleaded in the complaint without prejudice.

Johnson was an inmate in the Federal Correctional Institution in Otisville, New York, and he was employed as a clerk by Federal Prison Industries, Inc. ("UNICOR"),[1] under the supervision of defendant-appellee Michael Rowley, at the time that the incident giving rise to this action occurred. According to his complaint, one of Johnson's primary tasks as a clerk was to type; because his "skills were very rusty" when he first started in the UNICOR program, Johnson would practice typing daily. On January 9, 2004, Johnson worked overtime in the UNICOR office. After he completed his assigned task, Johnson practiced his skills by typing a letter to his wife using various fonts and pitches. He then printed the letter out and mailed it to his wife to

---

[1] UNICOR "is the trade name for Federal Prison Industries, Inc., a government corporation that provides work and training opportunities for federal inmates." *United States v. Thompson*, 227 F.3d 43, 45 n.4 (2d Cir. 2000) (citing 28 C.F.R. § 345.11(a)).

show her how his skills had developed. Prison officials questioned Johnson about where and why he had typed the letter. When Johnson reported for work on January 12, 2004, Rowley terminated his employment, apparently because Johnson had engaged in the unauthorized personal use of UNICOR equipment by typing the letter to his wife.

Johnson filed the complaint in this action on April 12, 2005, raising four claims: (1) Rowley violated Johnson's due process rights when he terminated his employment because Rowley acted in violation of Bureau of Prisons ("BOP") policy; (2) Rowley violated Johnson's due process rights when he terminated his employment because Rowley and Johnson had an implied agreement and because Johnson's use of the equipment fell within an exception to the unauthorized-use rule; (3) Rowley violated Johnson's First Amendment rights because Johnson's termination was based on Rowley's personal animus towards members of the Islamic faith; and (4) Rowley violated the Religious Freedom Restoration Act of 1993 ("RFRA") when he terminated Johnson's employment. Johnson sought compensatory damages, declaratory and injunctive relief, and punitive damages.

Rowley moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(c). In his R & R, Magistrate Judge Fox dismissed Johnson's first due process claim after Johnson withdrew it. Regarding the second due process claim, Judge Fox assumed *arguendo* that Johnson had a property interest in his UNICOR employment but nonetheless dismissed the claim because the parties did not have an implied agreement. Further, he dismissed the RFRA claim because Johnson failed to exhaust his administrative remedies. Judge Fox, however, denied Rowley's motion with respect to Johnson's First Amendment claim. The district court adopted the R & R as its own decision insofar as it recommended dismissing Johnson's due process and

3

RFRA claims. In addition, the district court dismissed Johnson's First Amendment claim on the ground that Johnson had failed to exhaust his administrative remedies. On appeal, Johnson challenges the district court's dismissal of (1) his due process claim that Rowley terminated his employment in violation of an implied agreement and (2) his First Amendment claim.

### A.     Due Process Claim

We review a district court's dismissal pursuant to Fed. R. Civ. P. 12(c) *de novo*, employing "the same . . . standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Morris v. Schroder Capital Mgmt. Int'l*, 445 F.3d 525, 529 (2d Cir. 2006) (internal quotation marks omitted). Thus, we will accept all factual allegations in the complaint as true and draw all reasonable inferences in Johnson's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). To survive a Rule 12(c) motion, Johnson's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Johnson contends that his due process rights were violated when Rowley terminated his UNICOR employment. In order to succeed on this claim, Johnson first must establish that he had a constitutionally protected property interest in his UNICOR job assignment. *See Weinstein v. Albright*, 261 F.3d 127, 134 (2d Cir. 2001). Such property interests "are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972); *see also Cine SK8, Inc. v. Town of Henrietta*, 507

4

F.3d 778, 784 (2d Cir. 2007). Further, "[t]o have a property interest in a benefit, a person . . . must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577. "Employees at will have no protectable property interest in their continued employment." *Abramson v. Pataki*, 278 F.3d 93, 99 (2d Cir. 2002).

Although this Court has held that a prisoner in a New York State correctional facility "has no protected liberty interest in a particular job assignment," *Frazier v. Coughlin*, 81 F.3d 313, 318 (2d Cir. 1996) (per curiam), we have never addressed whether a federal prisoner has a protected property interest in his or her UNICOR job assignment. Those circuits that have considered the issue have held that there is no property interest in a federal prisoner's UNICOR job assignment. *See, e.g.*, *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 & n.4 (5th Cir. 1995) (citing *James v. Quinlan*, 866 F.2d 627, 629–30 (3d Cir. 1989), and *Garza v. Miller*, 688 F.2d 480, 485–86 (7th Cir. 1982)). Furthermore, district courts within this Circuit have reached the same conclusion. *See, e.g.*, *Onwuazombe v. Dodrill*, No. 07 Civ. 873, 2008 WL 1758641, at *4 & n.3, 2008 U.S. Dist. LEXIS 31216, at *11–12 & n.3 (S.D.N.Y. Apr. 16, 2008). We are persuaded by the reasoning provided by those courts. Thus, we join our sister circuits and hold that a federal prisoner has no protected property interest in a UNICOR job assignment.[2] Accordingly, the district court properly dismissed Johnson's due process claim.

B.      First Amendment Claim

The district court dismissed Johnson's claim that he was terminated because of Rowley's

---

[2] Furthermore, we agree with the district court that Johnson's argument that he had a protected property interest because he and Rowley had an implied contract that Johnson could use UNICOR equipment for personal use is unavailing, as none of the facts alleged by Johnson establish the existence of any such agreement.

personal animus towards Muslims on the ground that Johnson had failed to exhaust his administrative remedies regarding that claim. We review *de novo* a district court's ruling on whether a plaintiff has exhausted administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"). *See Ortiz v. McBride*, 380 F.3d 649, 653 (2d Cir. 2004). Here, we conclude that the district court properly dismissed Johnson's First Amendment claim for failure to exhaust.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's "exhaustion requirement applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

In order to exhaust a claim, "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules.'" *Id.* at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Those procedural rules are "defined not by the PLRA, but by the prison grievance process itself. " *Id.* In this case, because Johnson was a federal inmate, he had to comply with the BOP's procedural rules, which created a four-step administrative grievance system for prisoner complaints. The first step required inmates to "present an issue of concern informally" to the prison staff so that they could attempt to resolve it. *See* 28 C.F.R. § 542.13(a). If the issue remained unresolved, the inmate could submit "a formal written Administrative Remedy Request" to the institution staff member designated to receive such requests. *See id.* § 542.14. The inmate could appeal any adverse decision made at that stage to the Regional

Director, and then to the BOP's General Counsel. *See id.* § 542.15(a).

Here, it is undisputed that Johnson did not raise his First Amendment claim until he filed his appeal with the Regional Director, at the third step of the grievance process. He argues, however, that this does not bar his claim because (1) Rowley waived exhaustion as a defense, and (2) there was good cause for his failure to exhaust – he had not discovered Rowley's personal animus towards Muslims prior to when he filed his appeal with the Regional Director. Neither of these arguments has merit.

As an initial matter, failure to exhaust is an affirmative defense in a lawsuit governed by the PLRA. *See Jones*, 549 U.S. at 216. Rowley raised this defense in his answer to Johnson's complaint and has continued to assert it throughout this litigation. Thus, he has not waived the non-exhaustion defense. *See, e.g.*, *Handberry v. Thompson*, 446 F.3d 335, 342 (2d Cir. 2006) (discussing circumstances leading to waiver of the non-exhaustion defense); *Johnson v. Testman*, 380 F.3d 691, 695–96 (2d Cir. 2004) (same). Furthermore, the BOP regulations precluded Johnson from amending his grievance during the administrative review process to raise his allegedly newly discovered religious-animus claim. *See* 28 C.F.R. § 542.15(b)(2) ("An inmate may not raise in an Appeal issues not raised in the lower level filings."). The district court therefore properly dismissed Johnson's First Amendment claim.

We have considered all of Johnson's arguments on appeal and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.