10-3470-cv
*Brisbane v. Milano*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of October, two thousand eleven.

PRESENT:  JOHN M. WALKER, JR.,
          CHESTER J. STRAUB,
          DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.

MARCUS BRISBANE, LATITIA MILLER,
          *Plaintiffs-Appellants*,

-v.-                                No. 10-3470-cv

ROBERT MILANO, LOUIS GONZALEZ, WAYNE NEWKIRK, JOHN W. MURPHY, ROBERT CROVO,
          *Defendants-Appellees*.

For Plaintiffs-Appellants:        RACHEL M. BAIRD, Torrington, C.T.

For Defendants-Appellees:         JOHN A. BLAZI, Waterbury, C.T.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs-Appellants Marcus Brisbane ("Brisbane") and Latitia Miller ("Miller") appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*), entered July 27, 2010, granting the Defendants-Appellees' motions to dismiss for failure to state any claim upon which relief may be granted and for summary judgment. Brisbane and Miller brought this action under 42 U.S.C. § 1983, alleging that various Torrington police officers violated the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981 by selectively investigating and arresting them based on their race. Brisbane also alleges two additional claims under Section 1983 for violations of the Takings Clause of the Fifth and Fourteenth Amendments. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

A district court's decision to grant a motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed *de novo*. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Rule 12(c) motions are decided using "the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Id.* (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)) (internal quotation mark omitted). We therefore accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiffs' favor. *Id.* "To survive a Rule 12(c) motion, [the plaintiffs'] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Johnson*, 569 F.3d at 44) (internal quotation mark omitted).

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburn v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). Plaintiffs claiming "selective enforcement" must show "both (1) that they were treated differently

2

from other similarly situated individuals, and (2) that such differential treatment was based on 'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.' " *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) (quoting *LaTrieste Rest. & Cabaret v. Vill. of Port Chester*, 40 F.3d 587, 590 (2d Cir. 1994)). Use of an impermissible consideration (such as race) must have been intentional, not merely negligent. *See Patterson v. County of Onieda*, 375 F.3d 206, 226–27 (2d Cir. 2004). "Deliberate indifference" suffices so long as "the defendant's indifference was such that the defendant intended the discrimination to occur." *Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 141 (2d Cir. 1999). Section 1981 also prohibits only intentional racial discrimination, and thus has the same pleading standards as the Equal Protection Clause. *See Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000).

Plaintiffs Brisbane and Miller failed to plead sufficient facts to state a claim under the Equal Protection Clause or Section 1981. First, after setting aside their conclusory assertions, their pleadings do not plausibly state that Brisbane and Miller were similarly situated to other individuals who received different treatment. After receiving reports from Dustin Whitten (which the police later learned were false) that an injured Jason Lind was wrapped in a rug in the trunk of Brisbane's Lexus, the police began an investigation and arrested Brisbane and Miller for a variety of felonies including robbery, burglary, and kidnapping. Brisbane pled guilty to first-degree robbery and second-degree burglary; Miller pled guilty to being an accessory to those offenses. Brisbane and Miller are black, and they argue that they were selectively investigated and arrested because of their race, in contrast to Whitten, Jason Lind, and Eric Lind, three white individuals who were not arrested despite allegedly stealing from Brisbane and Miller. The plaintiffs' involvement in first-

3

degree robbery, however, is dissimilar to (indeed, more serious than) Whitten and the Linds' alleged crimes. *See* Conn. Gen. Stat. § 53a-134. Moreover, although the initial kidnapping report was later recanted, when police initiated their investigation and arrested Brisbane and Miller, they did so in response to an ongoing and imminently life-threatening situation. By contrast, the police learned of Whitten and the Linds' alleged theft only after it had concluded. Brisbane also did not seek police assistance when he discovered the theft — unlike Whitten, who immediately reported his encounter with Brisbane to the police. In sum, the pleadings do not plausibly allege that Brisbane and Miller were similarly situated to Whitten and the Linds.

Second, the plaintiffs' allegations do not state a plausible claim of racially discriminatory intent. Setting aside their conclusory assertions of discriminatory intent, Brisbane and Miller allege that they are black, and that Whitten and the Linds are white. The only other evidence plaintiffs point to is that several police reports describe the suspects and victims by their race and sex (*e.g.*, referring to a "black male" suspect). Such standard and permissible police descriptions, *see Brown*, 221 F.3d at 338–39, do not "nudge[] [Plaintiffs'] claims of invidious discrimination across the line from conceivable to plausible," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (internal quotation marks omitted). Because the plaintiffs failed to plead sufficient facts with respect to both similarly situated entities and discriminatory intent, their equal protection claims did not satisfy Federal Rule of Civil Procedure 8(a) and were properly dismissed.

Brisbane's claims under the Takings Clause were similarly deficient. "Before a federal takings claim can be asserted, compensation must first be sought from the state if it has a 'reasonable, certain and adequate provision for obtaining compensation.' A plaintiff must pursue 'relief under a state compensation procedure . . . even where it remains unsure and undeveloped.' "

*Island Park, LLC v. CSX Transp.*, 559 F.3d 96, 109 (2d Cir. 2009) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 379–80 (2d Cir. 1995)).  Where state remedies are potentially available and where a plaintiff has not pursued them, the federal takings claim is not ripe, and thus a federal court lacks jurisdiction over the claim.  *See id.* at 110.  For this reason, ripeness must be considered "at the outset."  *Id.* (citing *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005)).

Brisbane did not allege that he attempted to recover either the depreciated value of his car or the misappropriated funds spent to operate the impoundment lot.  His complaint mentions both a state court order that his car be returned to him or destroyed if no one claimed the vehicle, and an agreement with the state that the car would be returned to him upon forfeiture of $1395.90.  But Brisbane does not allege that in those proceedings he attempted to recover the depreciated value of his car or the misappropriated funds — the relevant compensation for his takings claims.  Nor does Brisbane allege that Connecticut's procedures for obtaining such compensation are inadequate or unavailable.  This Circuit has held that even where "no Connecticut case has been cited wherein compensation was provided for a taking like the one alleged here, [the plaintiff] is still required to look to the state for compensation before its takings claim will lie."  *Villager Pond*, 56 F.3d at 380.  Brisbane's takings claims were therefore properly dismissed by the district court.

We have considered all of Plaintiffs-Appellants' remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5