11-3007-cv
Franco Apparel Grp., Inc. v. Nat'l Liab. & Fire Ins. Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand twelve.

Present:
        ROBERT A. KATZMANN,
        RICHARD C. WESLEY,
        GERARD E. LYNCH,
                *Circuit Judges*.

_____

FRANCO APPAREL GROUP, INC.,

        *Plaintiff-Counter-Defendant-Appellant*,

                                                        No. 11-3007-cv

                v.

NATIONAL LIABILITY & FIRE INSURANCE COMPANY,

        *Defendant-Counter-Claimant-Appellee.*

_____

For Plaintiff-Counter-Defendant-Appellant:        JOHN V. DECOLATOR, Garden City, N.Y.

For Defendant-Counter-Claimant-Appellee:        ANTHONY J. PRUZINSKY (Lauren E. Komsa, *on the brief*), Hill Rivkins LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Counter-Defendant-Appellant Franco Apparel Group, Inc. ("Franco") appeals from a June 27, 2011 Opinion and Order of the United States District Court for the Southern District of New York (Sullivan, *J.*) granting Defendant-Counter-Claimant-Appellee National Liability & Fire Insurance Company's ("National") motion to dismiss the complaint as barred under the time-for-suit clause in the underlying insurance policy. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

"We review a district court's dismissal pursuant to Fed. R. Civ. P. 12(c) *de novo*, employing the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (internal quotation marks and alterations omitted). Thus, we accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Id.*

Having reviewed the record *de novo*, we affirm for substantially the reasons stated by the district court in its thorough and well-reasoned opinion. *See Franco Apparel Grp., Inc. v. Nat'l Liab. & Fire Ins. Co.*, No. 10 Civ. 8205 (RJS), 2011 U.S. Dist. LEXIS 72122 (S.D.N.Y. June 27, 2011). The insurance policy issued by National provided, in relevant part, that "[n]o suit or action for the recovery of any claim arising under this policy shall be maintainable in any Court unless such suit or action shall have been commenced *within one year from the date of the*

2

*happening of the loss out of which the said claim arose*." J.A. 44 (emphasis added). Although the policy does not employ the "inception of the loss" term of art we recently endorsed in *Fabozzi v. Lexington Insurance Co.* as sufficient to tie a limitations period to the date of the accident or peril insured against, we find that the language here employed is "of equal precision." 601 F.3d 88, 91 (2d Cir. 2010). The provision unambiguously links the term "loss" to the date of actual damage. *See, e.g.*, *Karl v. Concordia Fire Ins. Co. of Milwaukee*, 95 N.Y.S.2d 542, 543 (Sup. Ct. 1949) (interpreting the phrase "no action is maintainable unless the same be commenced twelve months next after the calendar date of the happening of the physical loss or damage out of which said claim arose" to refer to the date of the discovery of the loss), *aff'd mem.*, 95 N.Y.S.2d 340 (N.Y. App. Div. 1950). Interpreting the provision to refer instead, as Franco contends, to National's formal declination of the claim "would strain the contract language beyond its reasonable and ordinary meaning." *Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 568 (2d Cir. 2011) (internal quotation marks omitted). Accordingly, the date of the relevant loss is the date of the actual damage, which in this case occurred no later than January 20, 2009. Because Plaintiff did not file suit until October 20, 2010, this action is time barred by the applicable limitations provision.

We have considered Franco's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK