11-1795-cv
Valentine Props. Assocs. v. HUD

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand twelve.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                    *Circuit Judge*s.

_____

VALENTINE PROPERTIES ASSOCIATES, LP, PARK PROPERTIES ASSOCIATES, LP,

                    *Plaintiff-Appellants*

          -v-                                        11-1795-cv

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, SHAUN DONOVAN, IN HIS CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

                    *Defendant-Appellees.*

_____

Appearing for Appellant:     ALAN D. SINGER, Welby, Brady & Greenblatt, LLP, White Plains, NY

Appearing for Appellee:     MARA E. TRAGER (Sarah S. Normand, *on the brief*) *for* Preet Bharara, United States Attorney for the Southern District of New York

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellants ("Plaintiffs") appeal from an April 7, 2011 judgment of the district court (Sweet, *J.*), which granted Defendant-Appellee United States Department of Housing and Urban Development's ("HUD's") motion for judgment on the pleadings. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's grant of judgment on the pleadings *de novo*, "employing the same . . . standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (internal quotation marks omitted). "[W]e will accept all factual allegations in the complaint as true and draw all reasonable inferences in [Plaintiffs'] favor." *Id.*

Plaintiffs challenge HUD regulations that provide standards for "decent, safe, and sanitary" low-income housing. *See* 42 U.S.C. § 1437a(b)(1) (defining "low income housing" as "decent, safe, and sanitary dwellings"). Under Section 8 of the Housing Act of 1937, HUD provides housing assistance through both "project-based assistance," where HUD enters into contracts with property owners to subsidize designated dwellings, and "tenant-based assistance," where HUD gives vouchers for tenant-selected dwellings. 42 U.S.C. § 1437f(f)(6)-(7). In 1998, HUD published prospective new regulations to adopt "uniform physical condition standards" and ensure that HUD housing is "decent, safe, and sanitary." 63 Fed. Reg. 35,650 (June 30, 1998). The proposed new inspection regulations applied to project-based assistance but not to tenant-based assistance. *Id.* at 35,652. HUD adopted the new regulations after a period of notice and comment. 63 Fed. Reg. 46,566 (Sept. 1, 1998) *See also* 24 C.F.R. §§ 5.701-.705 (the new regulations). During adoption, HUD announced that they would not require "inspections in accordance with the uniform physical condition standards and procedures until HUD issue[d] the final version of the inspection software and accompanying guidebook." 63 Fed. Reg. at 46,567. In 1999, HUD issued a second proposed rulemaking listing the administrative processes for the new inspection regulations. 64 Fed. Reg. 66,530 (Nov. 26, 1999). After a period of notice and comment, HUD finalized the administrative processes regulations and its inspection software and guidebook. 65 Fed. Reg. 77,230 (Dec. 8, 2000). *See also* 24 C.F.R. §§ 200.850-.857 (the new regulations).

Plaintiffs challenge HUD's inspection regulations as "arbitrary and capricious." When we review an agency's regulations, we first ask "whether Congress has directly spoken to the precise question at issue" and "give effect to the unambiguously expressed intent of Congress." *Chevron, U.S.A., Inc. v. NRDC*, 467 U.S. 837, 842-43 (1984). "[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. "If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the

2

agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 843-44. The Chevron framework applies when an agency passes regulations through notice and comment. *United States v. Mead Corp.*, 533 U.S. 218, 223 (2001).

HUD passed its inspection regulations through notice and comment. *See* 63 Fed. Reg. 35,650; 63 Fed. Reg. 46,566; 64 Fed. Reg. 66,530; 65 Fed. Reg. 77,230. Accordingly, we should analyze under the *Chevron* framework.

Under Section 8 of the Housing Act, Congress has tasked HUD with developing and maintaining public low-income housing. Congress defined "low-income housing" as "decent, safe, and sanitary" dwellings, but it failed to define "decent, safe, and sanitary." 42 U.S.C. § 1437a(b)(1). Congress, however, has explicitly delegated to HUD the power to "make such rules and regulations as may be necessary to carry out [HUD's] functions, powers, and duties." 42 U.S.C. § 3535(d); s*ee also* 42 U.S.C. § 1437l(j)(2) (1998) (specifically giving HUD authority to promulgate regulations defining "decent, safe, and sanitary" for repealed modernization fund). Given this express grant of authority, we find that HUD has authority to develop regulations interpreting "decent, safe, and sanitary." Because HUD engaged in proper notice-and-comment rulemaking, we find that HUD's inspection standards are entitled to *Chevron* deference.

Even if regulations are entitled to deference, we may set them aside if they are "arbitrary, capricious, or manifestly contrary to the statute." *Chevron*, 467 U.S. at 844; *see also* 5 U.S.C. § 706(2)(A). "Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983). However, we must not "substitute [our] judgment for that of the agency." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

Here, HUD promulgated new rules through notice and comment, explaining both the purpose of the rules and the decision to apply the rules only to project-based housing. *See* 63 Fed. Reg. 35,650; 63 Fed. Reg. 46,566; 64 Fed. Reg. 66,530; 65 Fed. Reg. 77,230. In their complaint, Plaintiffs point to nothing to suggest that HUD failed to consider an aspect of the problem or offered an implausible explanation. The new inspection regulations bear a reasonable relationship to HUD's stated goals of maintaining "decent, safe, and sanitary" dwellings. Therefore, HUD's regulations are not arbitrary and capricious.

HUD's decision to apply their inspection regulations to project-based assistance but not tenant-based assistance is also entitled to deference. Congress provided that tenant-based assistance should meet "housing quality standards . . . for safe and habitable housing established by [HUD]." 42 U.S.C. 1437f(o)(8)(A)-(B). Project-based assistance has no such statutory directive, but falls only under the general "decent, safe, and sanitary" requirement of all Section

8 Housing.  Given that Congress employed different statutory language for the two categories, we see no justification for the Plaintiffs' contention that HUD acted arbitrarily and capriciously in establishing different standards for the two categories in its regulations. Accordingly, HUD's decision to apply its regulations only to project-based assistance is entitled to *Chevron* deference.

We have considered all of Plaintiffs' other arguments and find them without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4