13-888-cv
*Clifford v. United States Coast Guard*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand thirteen.

PRESENT:
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

_____

John A. Clifford,

             *Plaintiff - Appellant*,

      v.                                                            13-888-cv

United States Coast Guard, United States of
America,

             *Defendants - Appellees*.

_____

Appearing for Appellant:            John A. Clifford, pro se, Long Beach, NY.

Appearing for Appellees:            Thomas A. McFarland, Assistant United States
                                    Attorney (Loretta E. Lynch, United States Attorney
                                    for the Eastern District of New York, *on the brief*,
                                    Varuni Nelson, Assistant United States Attorney, *of
                                    counsel*), Central Islip, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant John Clifford, an attorney proceeding pro se, appeals from the district court's judgment on the pleadings in favor of Defendants-Appellees United States Coast Guard (the "USCG") and the United States of America. Clifford challenged the USCG's decision to deny his application for a merchant mariner credential ("MMC") as a master based on its determination that Clifford's cardiovascular disease posed a risk to maritime and public safety, since it placed him at risk of sudden incapacitation while at sea. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), *see Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010), and "employ[] the same . . . standard applicable to dismissals pursuant to [Federal Rule of Civil Procedure] 12(b)(6)," *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (ellipsis in original) (internal quotation marks omitted).

The district court did not err in concluding that the USCG's guidance, as stated in The Navigation and Vessel Inspection Circular No. 04-08 ("NVIC 04-08"), merited deference under *Auer v. Robbins*, 519 U.S. 452, 461 (1997). An agency's interpretation of its own regulations, "regardless of the formality of the procedures used to formulate it, is 'controlling unless plainly erroneous or inconsistent with the regulation[s].'" *Encarnacion ex rel. George v. Astrue*, 568 F.3d 72, 78 (2d Cir. 2009) (alteration in original) (quoting *Auer*, 519 U.S. at 461). The USCG's regulations provide that an MMC applicant "must meet [certain] medical and physical standards," *see* 46 C.F.R. § 10.215(a), and must undergo a medical examination to rule out any "conditions that pose an inordinate risk of sudden incapacitation or debilitating complication," *id.* § 10.215(d)(1). To implement those regulations, the USCG provided guidance in NVIC 04-08. That guidance reasonably provides, among other things, a nonexhaustive list of medical conditions requiring further evaluation. It also was subject to a notice-and-comment process. *See* 71 Fed. Reg. 56,998 (Sept. 28, 2006); 73 Fed. Reg. 56,600 (Sept. 29, 2008). The district court properly determined that NCIV 04-08 is a valid and reasonable interpretation of the USCG's regulations, and is consistent with those regulations. Thus, NCIV 04-08 merited *Auer* deference.

Nor did the district court err in determining that the USCG's decision concerning Clifford's application for an MMC was entitled to at least the deference afforded under *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). "The weight we give an interpretation under *Skidmore* depends 'upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade.'" *Encarnacion*, 568 F.3d at 79 (quoting *Skidmore*, 323 U.S. at 140). Here, consistent with NVIC 04-08, the USCG reviewed the results of a stress test. It was not unreasonable for the

USCG to require that the stress test reach an exertion level of 8 METs, even though NVIC 04-08 does not explicitly impose that requirement on applicants with a history of Coronary Artery Bypass Grafts. Furthermore, although NVIC 04-08 does not explicitly list ischemia as a condition warranting further consideration, it suggests that ischemia should be evaluated in deciding whether to issue an MMC to individuals with cardiac disease. As the district court properly concluded, the USCG's decision denying Clifford's application for an MMC was thorough, was reached by following the standard procedure, appeared consistent with prior decisions of the USCG, and was persuasive. Thus, that decision merited at least *Skidmore* deference, and the district court did not err in granting defendants' motion for judgment on the pleadings.

Finally, the district court did not err in concluding that Clifford failed to allege a cognizable due process claim. For purposes of the Due Process Clause, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it" or "a unilateral expectation of it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). "He must, instead, have a legitimate claim of entitlement to it." *Id.* The district court correctly determined that Clifford had no cognizable property interest in obtaining an MMC. Further, even if Clifford had a property right in an MMC, he has not explained how the process through which the USCG denied him that credential was constitutionally infirm.

We have considered all of Clifford's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3