Kousnsky v. Amazon.Com, Inc., et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand fifteen.

PRESENT:
> **DEBRA ANN LIVINGTON,**
> **CHRISTOPHER F. DRONEY,**
>    *Circuit Judges,*
> **ANALISA TORRES,**[*]
>    *District Judge.*

_____

Isack Kousnsky,

   *Plaintiff-Appellant*,

  v.                    14-1979

Amazon.Com, Inc., et al.,

   *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:       Isack Kousnsky, pro se, New York, NY.

_____

[*] The Honorable Analisa Torres, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANTS-APPELLEES:** Frank J. Colucci, David M. Dahan, Colucci & Umans, New York, NY. Randi W. Singer, Weil, Gotshal & Manges LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **AFFIRMED**, in part, and **REMANDED**, in part, with instructions to allow Appellant to amend his complaint.

Appellant Isack Kousnsky, proceeding pro se, appeals the district court's dismissal of his action for copyright infringement. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of judgment on the pleadings pursuant to Rule 12(c). *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). "In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Id.* "To survive a Rule 12(c) motion, [plaintiff's] 'complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Under the facts alleged, the district court properly dismissed Kousnsky's complaint insofar as it alleged that Pyramid infringed on his copyright by selling his work as permitted during the three-year agreement period in their contract (the "Agreement"). "[C]opyright ownership is a bundle of discrete rights regarding the owner's ability to use his property." *Davis v. Blige*, 505

F.3d 90, 98 (2d Cir. 2007) (internal quotation marks omitted). An owner "may license others to exercise these rights or assign the rights to others." *Id*. An "exclusive license" grants the "licensee the exclusive right—superior even to copyright owners' rights—to use the copyrighted material in a manner as specified by the license agreement." *Id*. at 99. "A valid license . . . immunizes the licensee from a charge of copyright infringement, provided that the licensee uses the copyright as agreed with the licensor." *Id*. at 100. Here, the Agreement gave Pyramid the exclusive right to "publish, promote, sell and distribute photography provided by [Kousnsky] in all size posters and print format . . . by any means [Pyramid] reasonably uses now or in the future." S.A. 27. Kousnsky could not bring a copyright infringement claim against Pyramid for selling his work pursuant to the terms of the Agreement.

That said, Kousnsky alleged that Pyramid altered his photographs, which violated the term in the Agreement that Pyramid could only promote, sell, and distribute Kousnsky's images "without modification." S.A. 27. He also alleged that Pyramid violated the term that provided Kousnsky final approval of the images sold. *Id.* In these respects, Kousnsky's allegations that Pyramid violated the Agreement were coterminous with his copyright infringement claim: absent the Agreement as a defense, Pyramid could be subject to a valid claim of copyright infringement. Federal district courts "have exclusive, original jurisdiction 'of any civil action arising under any Act of Congress relating to . . . copyrights.'" *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 347 (2d Cir. 2000) (quoting 28 U.S.C. § 1338(a)). "Whether a complaint asserting factually related copyright and contract claims 'arises under' the federal copyright laws for the purposes of Section 1338(a) 'poses among the knottiest procedural problems in copyright jurisprudence.'" *Id.* (quoting 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.01[A], at 12–4

3

(1999)). The standard we adopted in *Bassett* is this: "When a complaint alleges a claim or seeks a remedy provided by the Copyright Act, federal jurisdiction is properly invoked." *Id*. at 355. Thus, "federal courts possess subject matter jurisdiction over a copyright claim . . . even if the plaintiff seeking a copyright remedy is only entitled to that remedy 'on a prior showing of contractual entitlement,' i.e., even if the court must first resolve a state law issue." *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 623 F.3d 61, 69 (2d Cir. 2010) (quoting *Bassett*, 204 F.3d at 349, 355). Otherwise, "the plaintiff would be forced to litigate exclusively in state court and would be deprived of the remedies Congress provided in the Copyright Act." *Id*. (citing *Bassett*, 204 F.3d at 348).

Here, Kousnsky claimed copyright infringement, not breach of contract, and he sought remedies available in copyright: damages based on the unauthorized use of his artwork and injunctive relief. However, Kousnsky's complaint lacked the facts required to state a plausible claim: he did not identify the artwork Pyramid allegedly altered or how it was altered, and he only conclusorily asserted that Pyramid ignored his right to approve the work that was sold. Kousnsky should be permitted to amend his complaint to include this detail. *See, e.g.*, *Oliver Schs., Inc. v. Foley*, 930 F.2d 248, 252 (2d Cir. 1991) ("[P]ermission to amend to state a claim should be freely granted."). If he does, discovery may reveal "whether contractual understandings were breached; whether these breaches were of conditions or covenants; if the latter, whether the breaches were of sufficient importance to justify rescission or forfeiture" of the Agreement. *Bassett*, 204 F.3d at 356 n.14.

Further, the Agreement does not insulate Pyramid from copyright liability after the three-year Agreement term ended. Kousnsky's complaint alleged that, *after* the termination of

4

the Agreement, Pyramid continued to "create" and sell his work. As alleged, that claim was not plausible: Kousnsky did not articulate how or when Pyramid "created" and sold his work. *See, e.g.*, *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994) ("[A well-pleaded copyright infringement claim requires a plaintiff to allege, *inter alia*,] by what acts during what time the defendant infringed the copyright."). However, with more detail, Kousnsky may be able to assert a copyright infringement claim. So, the district court should also permit Kousnsky to amend his complaint to replead his claim that Pyramid continued selling his work after the Agreement term ended. *See Oliver Schs.*, 930 F.2d at 252.

Finally, Kousnsky's claims against Amazon.Com, Inc., Art.Com, Inc., and eBay Inc. (the latter of which he did not serve) were correctly dismissed. His only allegation against these defendants was that Amazon did not take "corrective action" or properly deal with the complaints he made about Pyramid's conduct. He failed to identify any duty these defendants owed to him or any conduct that infringed on his copyright. *Cf. Johnson*, 569 F.3d at 44 ("In order to succeed on [his Due Process] claim, Johnson first must establish that he had a constitutionally protected property interest in his UNICOR job assignment.").

We have considered all of Kousnsky's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment insofar as it dismissed claims against Amazon.Com, Inc., Art.Com, Inc., and eBay Inc., but **REMAND** for the district court to amend its judgment to reflect that the dismissal of Kousnsky's copyright infringement claims against Pyramid was without prejudice to amendment of the complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5