15-569-cv
*Williams-Steele v. TransUnion et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand sixteen.

PRESENT:   CHESTER J. STRAUB,
           DENNY CHIN,
           SUSAN L. CARNEY,
                   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BEATRICE SHIRLEY WILLIAMS-STEELE,
                   *Plaintiff-Counter-*
                   *Defendant-Appellant,*

           v.                                                    15-569-cv

TRANSUNION, EXPERIAN,
                   *Defendants-Counter-*
                   *Claimants-Appellees,*

EQUIFAX,
                   *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLANT:

BEATRICE SHIRLEY WILLIAMS-
STEELE, *pro se*, Bronx, New York.

FOR DEFENDANT-COUNTER-
CLAIMANT-APPELLEE TRANSUNION:

CAMILLE R. NICODEMUS, Schuckit
& Associates, P.C., Zionsville, Indiana.

FOR DEFENDANT-COUNTER-
CLAIMANT-APPELLEE EXPERIAN:

IAN SAMUEL, Jones Day, New York,
New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-counter-defendant-appellant Beatrice Shirley Williams-Steele, proceeding *pro se*, appeals from the district court's grant of judgment on the pleadings, dismissing her claims against defendants-counter-claimants-appellees Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(c), "employ[ing] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam)). We

2

thus construe the complaint liberally, accepting its factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

Upon review, we conclude that the district court correctly ruled that the terms of Williams-Steele's settlement agreements with Trans Union and Experian in her previous action against those parties, which included broad releases, barred her claims that her credit reports improperly excluded certain credit accounts and inaccurately reported her social security number, and that her Trans Union credit report wrongly reported a tax lien against her.[1] The court also correctly ruled that Williams-Steele's remaining claims concerned inaccuracies in her credit reports that had no bearing on her credit-worthiness, and were therefore not actionable under the FCRA. Accordingly, we affirm these rulings for substantially the reasons stated in the district court's orders.

Williams-Steele also challenges the district court's order setting aside an entry of default against Trans Union due to its apparent failure initially to timely answer or otherwise respond to her complaint. A district court's decision on a motion to vacate an entry of default is reviewed for abuse of discretion. *See Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995) (addressing denial of a motion to vacate).

---

[1] The district court found that Williams-Steele had not asserted an erroneous tax lien claim against Experian.

3

The district court did not abuse its discretion in setting aside the entry of default against Trans Union. Williams-Steele had a copy of the summons and complaint served on the law firm that had represented Trans Union in Williams-Steele's prior action. Trans Union represented that it had not authorized the law firm to accept service on its behalf. Williams-Steele has shown no basis for doubting this representation. Instead, she argues that, because the law firm represented Trans Union, it was authorized to accept service of process on its behalf as a matter of law. We have held, however, that "service of process on an attorney not authorized to accept service for his client is ineffective." *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990). Consequently, the attempted service on Trans Union was ineffective, and the entry of default was correctly vacated because Trans Union was not properly served.

We have considered all of Williams-Steele's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4