21-1187-cv
*Stuart v. County of Nassau*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> *Circuit Judges*.

_____

STAN STUART,

> *Plaintiff-Appellant*,

> v.                                                                21-1187-cv

COUNTY OF NASSAU, a Municipal Corporation, JOSEPH JABLONSKY, individually and as former Nassau County Sheriff, SHERIFF MICHAEL J. SPOSATO, as the Current Nassau County Sheriff, JOHN AND JANE DOE 1-100,

> *Defendants-Appellees*.

_____

For Plaintiff-Appellant:              STAN STUART, *pro se*, Seaford, N.Y.

For Defendants-Appellees:          SAMANTHA ASHLEY GOETZ, Deputy County Attorney
                                               (Robert F. Van der Waag, Deputy County Attorney, *on
                                               the brief*), *for* Thomas A. Adams, Acting Nassau
                                               County Attorney, Mineola, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hurley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Stan Stuart, through counsel, sued Defendants-Appellees Nassau County, its current and former Sheriff, and John and Jane Does under 42 U.S.C. § 1983 and the New York State Constitution, bringing claims related to a May 1, 1997, strip search at the Nassau County Correctional Center ("NCCC"). Stuart was a class member of the "Nassau County Strip Search Cases," which were consolidated into a class action lawsuit challenging the County's blanket policy of strip searching all detainees admitted to the NCCC between May 1996 and June 1999. The district court issued a final judgment in the Nassau County Strip Search Cases in 2014, finding in favor of the plaintiff class on their state constitutional claim and awarding $500 per strip search in general damages. *In re Nassau Cnty. Strip Searches*, No. 99-CV-2844, 2010 WL 4021813 (E.D.N.Y. Apr. 10, 2014), *aff'd* 639 F. App'x 746 (2d Cir. 2016).[1] Stuart filed the present lawsuit for special damages in 2017, alleging that the County had violated his federal and

---

[1] The district court had previously held that the County's policy was unlawful under both § 1983 and state law, and the County had conceded liability. The district court subsequently held, however, that the Supreme Court's decision in *Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318 (2012), which determined that county detention center strip searches not involving physical contact are permissible under the Fourth or Fourteenth Amendments, constituted an "intervening change in the law with respect to plaintiffs' federal claim," warranting vacatur of the County's concession of liability as to the § 1983 claim. *In re Nassau Cnty. Strip Search Cases*, 958 F. Supp. 2d 339, 353 (E.D.N.Y. 2016). The district court also held that *Florence* did not constitute an intervening change in controlling state law, and thus concluded that defendants' concession of liability as to plaintiffs' state-law claim was unaffected. *Id.* at 353–54.

state rights and caused him to suffer trauma and anxiety.[2]   The district court held that Stuart was bound by the dismissal of the class action's § 1983 claim and granted Defendants-Appellees' motion for judgment on the pleadings as to this claim.   It also declined to exercise supplemental jurisdiction over Stuart's state-law claims.   Stuart appealed, *pro se*.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*   \*   \*

We review *de novo* a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015).   "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (internal quotation marks and alteration omitted).   "To survive a Rule 12(c) motion, [plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). In making this assessment, we "draw all reasonable inferences in [the plaintiff's] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009).   We review a district court's decision not to exercise supplemental jurisdiction over state-law claims for abuse of discretion. *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014).

The district court did not err in dismissing Stuart's complaint.   As a class member, Stuart was bound by decisions rendered in the Nassau County Strip Search Cases.   *See Cooper v. Fed.*

---

[2]  The district court in 2011 determined that class plaintiffs who believed that their specific injuries exceeded the general damages award were entitled to file separate lawsuits alleging special damages.

*Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) ("[A] judgment in a properly entertained class action is binding on class members in any subsequent litigation[, and] . . . [a] judgment in favor of the defendant extinguishes the [plaintiffs' class] claim." (internal citations omitted)). Accordingly, because a judgment vacating the County's concession of liability as to the plaintiff class's § 1983 claim had previously been issued, the district court properly dismissed Stuart's subsequent individual § 1983 claim.

We further hold that the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Stuart's state-law claims. Federal district courts have discretion to exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional "values of judicial economy, convenience, fairness, and comity" in deciding whether to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). A district court may "decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c), (c)(3); *see Cohill*, 484 U.S. at 350 n.7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Here, the district court noted that although Stuart's state-law claims for special damages were "related to" the Nassau County Strip Search Cases because that action determined the County's liability under state law, the actual determination of whether Stuart could recover special damages did not depend on the earlier litigation. *See* 28 U.S.C. § 1367(a). Stuart's remaining state law claim was in its infancy, given that the federal law claim had been dismissed, and Stuart

4

failed to demonstrate that he had expended substantial "time, effort, and money in preparing [his] dependent claims," such as would militate in favor of retaining jurisdiction. *See Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994). The district court thus acted well within its discretion in declining to exercise supplemental jurisdiction over Stuart's remaining state-law claims.

* * *

We have considered Stuart's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court