10-4107-cv
Bey v. City of New York

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand eleven.

PRESENT:
> ROGER J. MINER,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*

NTCHWAIDUMELA BEY, AJAMA JABARI BEY,
> *Plaintiffs-Appellants,*

ALBERT KELLY, MICHAEL FLYNN, AGNES BEY,
ZAIMAH EL, WAYNE BOLLIN BEY,
> *Plaintiffs,*

THE DAILY NEWS,
> *Intervenor-Plaintiff*

    - v.-                No. 10-4107-cv

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF CORRECTIONS, BERNARD B. KERIK, INDIVIDUALLY AND
AS COMMISSIONER OF THE NEW YORK CITY DEPARTMENT
OF CORRECTIONS, MICHAEL CARUSO, INDIVIDUALLY AND
AS INSPECTOR GENERAL OF THE NEW YORK CITY
DEPARTMENT OF INVESTIGATIONS,
> *Defendants-Appellees,*

RUDOLPH GUILIANI, INDIVIDUALLY AND AS MAYOR

OF NEW YORK CITY,

                                        *Defendant.*

_____

FOR DEFENDANTS-APPELLEES:          MORDECAI NEWMAN, Assistant Corporation
                                   Counsel (Larry A. Sonnenshein, *of counsel) for*
                                   Michael A. Cardozo, Corporation Counsel of the
                                   City of New York, New York, New York.

FOR PLAINTIFFS-APPELLANTS:          IRENE DONNA THOMAS, Thomas &
                                   Associates, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (McKenna, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Ntchwaidumela Bey and Ajama Jabari Bey (collectively, the "Appellants") appeal from the district court's judgment, entered on October 13, 2010, that granted Defendants-Appellees' motion for judgment on the pleadings and dismissed Appellants' Amended Complaint as barred by the doctrine of res judicata. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Appellants were correction officers employed by the New York City Department of Corrections ("DOC"). They are members of the Moorish American Religion which, *inter alia*, teaches that Moors are exempt from taxation. In 1996, New York City investigated a claim that some City employees claimed exempt status and excessive allowances on their tax forms. Appellants were among the twenty-two Moorish American DOC officers who were charged with filing false tax documents and suspended. Appellants completed their thirty-day suspensions in January 1998 and returned to work on modified duty. Following an Administrative Hearing, the Administrative Law Judge determined that Appellants had filed false tax documents with the

intent to defraud and recommended termination. In December 1998, Appellants were terminated from their jobs.

Plaintiffs, including Appellants, filed the current action, *pro se,* in October 2001. A few months later, they were represented by counsel. In July 2007, they filed an Amended Complaint asserting violations of their freedom of association, freedom of speech, and free exercise of religion rights, and a claim of selective enforcement. In their Answer to this Amended Complaint, Appellees asserted res judicata as an affirmative defense. After extensive discovery followed by a motion for summary judgment, in March 2010 Appellees then filed a motion to dismiss on the grounds of res judicata. Appellants having argued that Appellees' motion asserting res judicata under Rule 12(b)(6) was untimely, the district court in its September 2010 Memorandum and Order construed Appellees' motion to dismiss as a motion for judgment on the pleadings under Rule 12(c). *Bey v. City of New York,* No. 99 Civ. 3873 (LMM) (RLE), 2010 WL 3910231 (S.D.N.Y. Sept. 21, 2010) ("*Kelly*"). In addressing Appellants' counter-argument that Appellees' failure to move for dismissal on res judicata grounds earlier in the case resulted in forfeiture of the defense, the district court acknowledged that while such affirmative defenses can be waived, it did not have to address the issue of forfeiture because "it is well settled in this Circuit that a court is free to raise the defense of res judicata sua sponte." *Id. at \*6.* The district court then held that a previous case filed by Appellants and others, and decided against them, *Agnes Bey v. City of New York,* 98-cv-5155 (S.D.N.Y.), met all the predicates for barring the claims in *Kelly,* the instant case.[1] *Id. at \*9.* To wit, the dismissal of *Agnes Bey* constituted a

---

[1] The district court also held that Appellants, "in addition to being barred on the grounds of claim preclusion from bringing their current claims in *Kelly* [ ] as a result of 98 Civ. 5155, are also barred on the ground of claim preclusion from bringing their current claims as a result of

final judgment on the merits; Appellants were plaintiffs in that case; and all of the defendants in

*Kelly* (with the exception of DOC, not a suable entity) were named in *Agnes Bey*. The court also

ruled that the constitutional claims Appellants raised in *Kelly* concerned the same disciplinary

acts (suspensions, disciplinary charges, OATH hearings, placement on modified duty,

termination) that Appellants had challenged in *Agnes Bey*, and therefore the same series of

transactions that formed the basis of the *Agnes Bey* suit gave rise to the constitutional claims in

*Kelly*. *Id*. As a result, the district court granted Appellees' Rule 12(c) motion and dismissed the

Amended Complaint on the ground of claim preclusion. Id. at 10.

### A. Whether the Court Could Raise the Res Judicata Defense Sua Sponte

On appeal, Appellants contend, *inter alia*, that Appellees waived or forfeited the res

judicata defense due to the time that elapsed between the filing of their initial Complaint in this

case (October 2001) and the filing of the Rule 12(c) motion (March 2010).[2] This argument,

however, is not as forceful as it may first appear. Regardless of the procedural machinations of

the case prior to July 2007, the Appellants opted to amend their complaint at that time. The

filing and service of this Amended Complaint superseded all previous complaints and thus

delineated the parties, claims, and facts alleged to support the claims that constituted the case

from that point forward. *Cf. Norex Petroleum Ltd. v. Access Indus., Inc.*, 631 F.3d 29, 31 (2d

_____

[*Bey v. City of New York,*] 98-cv-1353 [(S.D.N.Y.)]."

[2] "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). Appellees, having advanced the res judicata argument by motion, have not waived the issue. The question is whether they forfeited the argument by not advancing it prior to the time they did.

Cir. 2010) (per curiam) (noting that amended complaint was "the operative complaint on this appeal"); Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, 6 *Fed. Prac. & Proc*. Civ. § 1476 (3d ed.) (1997 & Supp. 2011) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action . . .. Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). Concomitantly, the Amended Complaint triggered the Appellees' filing of an Amended Answer in which they pleaded the affirmative defense of res judicata. In sum, as to the only operative pleading going forward, the issue of res judicata was timely and squarely joined by the filing and service of the responsive pleading. Up to that point, therefore, the Appellees did not forfeit the issue.

Appellants, moreover, do not challenge on appeal the district court's exercise of its discretion to construe the Appellees' motion to dismiss as a motion for judgment on the pleadings, nor do they challenge the court's holding that the motion was not untimely (even though it was advanced after the motion for summary judgment had been decided). In substance, therefore, this is identical to a situation in which the district court has exercised its discretion to allow the defendants to advance on motion an affirmative defense that they pleaded in response to the Amended Complaint notwithstanding plaintiffs' arguments that the motion was brought out of time. In permitting Appellees to advance the res judicata argument when they did, the district court pointed out that it had not yet fixed a date for trial, nor had the parties agreed on a proposed joint pre-trial order that the court previously had directed the parties to file. *Kelly,* 2010 WL 3910231, at *3. In addition, the district court observed that "reaching the merits of Defendants' 12(c) motion serves the interest of judicial economy and may save the parties

-5-

unnecessary time and expense which otherwise would be incurred during trial." *Id.* Although, as noted, the district court then observed that it did not have to resolve the issue of forfeiture of the res judicata defense because the court could raise res judicata *sua sponte,* and proceed to the merits of the motion, the actual effect of the district court's ruling was merely to allow the Appellees to pursue what the Appellants argued was an untimely motion. For all the reasons articulated by the district court and because the Appellants were well on notice of the affirmative defense, had a full opportunity to oppose it on the merits, and do not now challenge the Rule 12(c) vehicle by which the district court chose to address the issue, and given that district courts have broad discretion to manage their caseload and dockets by scheduling motions, *see, e.g., Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 316-17 (2d Cir. 1998), we see no abuse of discretion in the district court having considered the parties' res judicata arguments.

**B.      Whether the District Court Erred in Failing to Draw All Reasonable Inferences in Appellants' Favor on the Rule 12(c) Motion**

Appellants contend that *Agnes Bey* could not serve as a predicate for res judicata because that case had been filed before their discharge, and thus the district court could not have considered the merits of their wrongful discharge claim until they filed *Kelly*. Otherwise, their arguments center on the district court not drawing inferences in their favor on Appellees' Rule 12(c) motion, which they contend require vacatur of the dismissal.

This Court reviews "*de novo* a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "In deciding a Rule 12(c) motion, we 'employ the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6).'" *Id.* (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam) (brackets omitted)). Thus, the Court will "accept all

-6-

factual allegations in the complaint as true and draw all reasonable inferences in [plaintiffs']
favor." *Johnson*, 569 F.3d at 43.

"The preclusive effect of a [federal court] judgment is defined by claim preclusion and
issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553
U.S. 880, 892 (2008). The doctrine of res judicata precludes a party from asserting a claim in
subsequent litigation if: "(1) the previous action involved an adjudication on the merits; (2) the
previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted
in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.
City Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000).

Appellants first argue that the *Agnes Bey* action did not involve an adjudication on the
merits because there was "reasonable doubt" as to what was actually decided by the district court
in the case. The district court in *Kelly* rejected that contention, stating that "the grounds upon
which the district court based its decision to dismiss the [*Agnes Bey*] case are readily apparent."
The district court had dismissed the Third Amended Complaint in *Agnes Bey* as frivolous,
observing that that case was "the fourth action Plaintiffs have brought in the Southern District of
New York stemming from the same events"—arising out of the withholding of federal payroll
taxes and plaintiffs' constitutional challenges to their subsequent suspension and termination.
There is no ambiguity concerning the grounds upon which the court dismissed the *Agnes Bey*
case.

Appellants also argue that the third prong of res judicata does not apply because the
court's decision in *Agnes Bey* did not "include consideration of the merits of [Appellants']
wrongful discharge claim" since they had not been terminated at the point they filed the action,
and therefore they had to file the present case to obtain such review. "Whether or not the first

-7-

judgment will have preclusive effect depends in part on whether the same transaction o[r] series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Monahan,* 214 F.3d at 285 (internal quotation marks omitted). "To ascertain whether two actions spring from the same transaction or claim, we look to whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001) (internal quotation marks omitted).

Here, the underlying facts in *Agnes Bey* and *Kelly* are not only related, they are the same: the disciplinary charges, suspensions, hearings, and placement on modified duty in *Agnes Bey*, resulting from filing certain tax documents, were part of the same connected series of transactions that Appellants pled in *Kelly*. Appellants' termination does not constitute a new claim: it is merely another fact arising from the same series of transactions pled in *Agnes Bey.* Moreover, Appellants filed their Third Amended Complaint in the *Agnes Bey* case in March 1999, four months after they had been terminated, and thus their argument that they had to file yet another complaint—the present one—in order for the court to consider the substance of their termination claim, has no merit. In sum, the district court properly applied the doctrine of res judicata to prevent the kind of piecemeal litigation in which Appellants have been engaged for years concerning the same series of transactions.

Additionally, Appellants misunderstand the court's role in drawing all reasonable inferences in their favor on a Rule 12(c) motion. For example, their conclusory statement that Appellees wrongfully concealed their being singled out for adverse treatment does not set out any factual content that would allow the court to draw a reasonable inference that Appellees

-8-

actually committed such conduct.  Appellants' former status as *pro se* litigants does not propel

them over the res judicata hurdle; this Court has held that res judicata applies to *pro se* plaintiffs

whose claims in a second action are based on the same factual predicates presented in the first

action.  *See Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2d Cir. 2002) (per

curiam).

We have considered Appellants' other arguments and find that they are without merit.

Accordingly, for the reasons stated, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk