13-3733(L)
*Pedro Rivera, et al., Edward Ebanks, et al. v. City of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand fourteen.

PRESENT:   AMALYA L. KEARSE,
              CHESTER J. STRAUB,
              RICHARD C. WESLEY,
                    *Circuit Judges.*

_____

PEDRO RIVERA, ALBERTO RIVERA BEY, NUHA SAABIRAH EL, AJAMA JABARI BEY, NTCHWAIDUMELA BEY, WAYNE BOLLIN BEY, ZAIMAH EL, MICHAEL FLYNN, ALBERT KELLY, AGNES BEY, SR. BEY,

*Plaintiffs-Appellees,*

EDWARD EBANKS, HERBERT L. HINNANT, MICHAEL NICHOLS, HASSAN ABDALLAH, OBA HASSAN WAT BEY, AKA ROBERT WATSON, PEDRO RIVERA BEY, SR.,

*Plaintiffs-Appellees-Cross-Appellants,*

      -v.-                             Nos. 13-3733(L), 13-3756,

1

CITY OF NEW YORK, RUDOLPH GIULIANI, individually and as Mayor of the City of New York, MICHAEL CARUSO, individually and as Inspector General of the City of New York Department of Investigation, BERNARD B. KERIK, individually and as Commissioner of the Department of Corrections of the City of New York, WILLIAM FRASER, individually and as Commissioner of the Department of Corrections of the City of New York, EDWARD KURINSKY, individually and as Commissioner of Investigation for the City of New York, ROSEMARIE MALDONADO, individually and as Administrative Law Judge of the Office of Administrative Trials and Hearings, NICHOLAS KAISER, individually and as Attorney for the Department of Corrections Office of Trials and Litigation, NEW YORK CITY DEPARTMENT OF CORRECTIONS,

*Defendants-Appellants-Cross-Appellees.*[*]

---

| | |
|---|---|
| FOR PEDRO RIVERA BEY, SR. (Plaintiff-Appellee-Cross-Appellant): | CHARLES D. COLE, JR., Newman Myers Kreines Gross Harris, P.C., New York, NY. |
| FOR EDWARD EBANKS, HERBERT L. HINNANT, AND MICHAEL NICHOLS (Plaintiffs-Appellees-Cross-Appellants): | DAVID SCHLACHTER, Law Offices of David Schlachter, Uniondale, NY. |
| FOR ROBERT WATSON AND HASSAN ABDALLAH (Plaintiffs-Appellees-Cross-Appellants): | IRENE DONNA THOMAS, Thomas & Associates, Brooklyn, NY. |
| FOR DEFENDANTS-APPELLANTS-CROSS-APPELLEES: | MAXWELL DOUGLAS LEIGHTON, Assistant Corporation Counsel (Jeffrey D. Friedlander, Acting Corporation Counsel, Larry A. |

---

[*] The Clerk of the Court is directed to amend the caption as above.

Sonnenshein, Assistant Corporation Counsel, Mordecai Newman, Assistant Corporation Counsel, *on the brief*), *for* Corporation Counsel of the City of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Nathan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED** in part and **REVERSED** in part.

The parties appeal from an amended judgment entered following trial in the United States District Court for the Southern District of New York (Nathan, J.). Plaintiffs-appellees-cross-appellants ("Plaintiffs") are five former correction officers and one former correction captain, each affiliated with the Moorish-American religion and formerly employed by the Department of Corrections ("DOC"). Plaintiffs brought claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), alleging religious discrimination, and pursuant to 42 U.S.C. § 1983, alleging violations of the Equal Protection Clause of the Fourteenth Amendment, as well as claims under New York State Human Rights Law and the New York City Human Rights Law. Following trial,

a jury rendered a verdict in favor of Plaintiffs on most of their claims against the City of New York, William Fraser, and Bernard Kerik ("Defendants").

The procedural history underlying this consolidated case is extraordinarily long and complex. In 1996, New York City investigated a claim that City employees had been claiming exempt status and excessive allowances on their tax forms. More than 1,000 employees of the DOC had been filing false tax documents; Plaintiffs were among the twenty-two Moorish-American DOC officers who were suspended as a result. They completed their suspensions in January 1998 and returned to work on modified duty. Following an Administrative Hearing, an Administrative Law Judge ("ALJ") determined that Plaintiffs had filed false tax documents with the intent to defraud and recommended termination. In December 1998, Plaintiffs were terminated from their jobs.

Both before, and following, their termination, Plaintiffs and other DOC employees filed numerous cases in federal court. In February 2007, several individual cases were consolidated into the current action. On March 25, 2010, Defendants moved pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings as to six of the then-plaintiffs in this case on the

grounds of res judicata. The district court held that two of the then-plaintiffs'

claims were barred by res judicata; those plaintiffs appealed and this Court

affirmed in *Bey v. City of New York*, 454 F. App'x. 1 (2d Cir. 2011) (summary

order). The other four, plaintiffs Herbert L. Hinnant, Hassan Abdallah, Edward

Ebanks, and Michael Nichols (the "Sierra Plaintiffs"), had been plaintiffs in the

97-cv-8244 ("*Sierra I*") and 97-cv-9329 ("*Sierra II*") actions (collectively, the "*Sierra*

actions"), but the district court held that, as to the Sierra Plaintiffs, Defendants

did not demonstrate one of the three requirements of claim preclusion: that the

claims sought to be barred were, or could have been, raised in a prior action. *Bey*

*v. City of New York*, No. 99 Civ. 3873, 2010 WL 3910231, at *13-*14 (S.D.N.Y. Sept.

21, 2010).

The claims of the Sierra Plaintiffs went to trial on December 4, 2012, along

with the claims of three other plaintiffs, Pedro Rivera Bey, Sr., Alberto Rivera

Bey, and Robert Watson. Following trial, the jury rendered a verdict finding in

favor of Plaintiffs and awarding each Plaintiff back pay, in amounts ranging

from $300,000 to $488,000, and punitive damages, in the amount of $100,000 per

Plaintiff. The jury did not award front pay or compensatory damages. Both

sides then filed motions pursuant to Rule 59 of the Federal Rules of Civil

5

Procedure with regard to the jury's damages awards. The district court concluded that (1) no party was entitled to a new trial on damages and (2) the evidence was insufficient to allow the jury to award punitive damages. The court also declined to provide further equitable or injunctive relief. Both sides appealed.

**A. Res Judicata**

Defendants appeal on the sole ground that the claims of the Sierra Plaintiffs are barred by res judicata. We review de novo a district court's decision to deny a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Patel v. Searles*, 305 F.3d 130, 134 (2d Cir. 2002). "In deciding a Rule 12(c) motion, we employ the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (internal quotation marks omitted). Thus, we "accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiffs'] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam).

In broad terms, "res judicata means that a matter once judicially decided is finally decided." *Murphy v. Gallagher*, 761 F.2d 878, 879 (2d Cir. 1985). Res judicata embraces two concepts: issue preclusion (also known as collateral

estoppel) and claim preclusion.  Defendants argue that claim preclusion applies to bar the claims of the Sierra Plaintiffs.  There are three requirements for the application of claim preclusion: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."  *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).  Under claim preclusion, "[e]ven claims based upon different legal theories are barred provided they arise from the same transaction or occurrence."  *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999) (per curiam).

The only requirement at issue in this case is the third.  Defendants argue that, although Plaintiffs were terminated after bringing their claims in the *Sierra* actions, the termination was simply another fact in the same transaction or occurrence as the one dismissed in the *Sierra* actions.  But it is well settled in this Circuit that once a complaint is filed, a "plaintiff has no continuing obligation to file amendments to the complaint to stay abreast of subsequent events; plaintiff may simply bring a later suit on those later-arising claims."  *Curtis v. Citibank*, 226 F.3d 133, 139 (2d Cir. 2000).  "Plaintiff's failure to supplement the pleadings

of his already commenced lawsuit will not result in a res judicata bar when he alleges defendant's later conduct as a cause of action in a second suit." *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997). The *Sierra* actions were brought in November and December 1997 (with amended complaints filed in April 1998), *before* the Sierra Plaintiffs were fired in December 1998. Accordingly, the Sierra Plaintiffs' claims based on their termination asserted in this action were not, nor could they have been, raised in the *Sierra* actions. And though they arise from a similar set of underlying facts, the Sierra Plaintiffs' terminations provide the basis for an independent cause of action. Thus, the Sierra Plaintiffs' claims based on acts occurring after the filing of their complaints in the *Sierra* actions are not barred by res judicata.

### B. Plaintiffs' Arguments on Appeal

Plaintiffs appeal from the denial of their Rule 59 motion for a new trial on damages. Specifically, Plaintiffs challenge (1) the district court's vacatur of the punitive damages awarded by the jury, (2) the sufficiency of the back pay award, and (3) the district court's denial of further equitable or injunctive relief.

1. **Punitive Damages**

Plaintiffs argue that Defendants forfeited the argument to vacate the jury's punitive damage award by failing to raise it in their Rule 50(a) motion and, therefore, that the district court's subsequent vacatur of those damages was an abuse of discretion. We agree.

It is well established that a party is not entitled to challenge the sufficiency of the evidence to support a jury verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law. *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 164 (2d Cir. 1998). Such a motion must be made "before the case is submitted to the jury," Fed. R. Civ. P. 50(a)(2), and "must at least identify the specific element that the defendant contends is insufficiently supported," *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 286 (2d Cir. 1998). Any post-trial motion for judgment as a matter of law may renew the party's objection "only on grounds that were specifically articulated before submission of the case to the jury." *Kirsch*, 148 F.3d at 164 (citing *Galdieri-Ambrosini*, 136 F.3d at 286). "The ultimate question is whether the motion, either of itself or in the context of the ensuing colloquy, was sufficiently specific to alert the opposing party to the supposed deficiencies in her proof. If specificity was lacking,

[judgment as a matter of law] may neither be granted by the district court nor upheld on appeal unless that result is 'required to prevent manifest injustice.'" *Galdieri-Ambrosini*, 136 F.3d at 287 (quoting *Cruz v. Local Union No. 3 of Int'l Bhd. Of Elec. Workers*, 34 F.3d 1148, 1155 (2d Cir. 1994)).

In this case, it is undisputed that Defendants did not specifically challenge the sufficiency of the evidence to support a claim for punitive damages in their Rule 50(a) motion. Though they did raise the issue in their Rule 50(b) motion, by that time the issue had not been properly preserved.

Defendants argue that even if they had forfeited the argument, the vacatur of punitive damages was necessary to prevent manifest injustice. We cannot find manifest injustice here, where, had Defendants properly raised the issue at trial, "it may be that [Plaintiffs] would have been able to present additional evidence," *Kirsch*, 148 F.3d at 165, "to show that Defendants' conduct was 'motivated by evil motive or intent,' or 'involve[d] reckless or callous indifference to the federal protected rights of others,' *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Thus, the district court was not permitted to reach the question of the sufficiency of the evidence, and the subsequent vacatur of the punitive damages award was an abuse of discretion.

Accordingly, we reverse the Amended Judgment of the district court insofar as it vacated the awards of punitive damages.

## 2. **Plaintiffs' Motion for a New Trial on Damages**

Following trial, all Plaintiffs (except Robert Watson) moved, pursuant to Federal Rule of Civil Procedure 59, for a new trial on damages. The district court denied Plaintiffs' motion, finding that "Plaintiffs' award is sufficient, under the circumstances of this case, to make them whole for the violation that the jury determined they had suffered." *Oba Hassan Wat Bey, et al. v. City of New York, et al.*, No. 99-cv-3873, slip op. at 58 (S.D.N.Y. Sept. 4, 2013).

We review the denial of a Rule 59 motion for a new trial for abuse of discretion. *Baker v. Dorfman*, 239 F.3d 415, 422 (2d Cir. 2000). "A district court abuses its discretion when (1) its decision rests on an error of law (such as the application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions." *Manley v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003) (internal quotation marks omitted). We cannot find that the district court abused its discretion here. The court applied the appropriate standard, which required that

11

the jury's verdict stand unless it was palpably and grossly inadequate, *Caskey v. Vill. of Wayland*, 375 F.2d 1004, 1007 (2d Cir. 1967), and finding that it was not, properly upheld the verdict. Despite Plaintiffs' argument that the back pay damages awarded by the jury are significantly less than they expected, the district court reasonably determined that the jury could have found that the compensation owed to Plaintiffs was markedly lower, and the compensation Plaintiffs received in other employment during the relevant period markedly higher, than the figures Plaintiffs provided at trial. Accordingly, we cannot find that the district court abused its discretion and we affirm the denial of a new trial as to damages.

Plaintiffs also challenge the district court's denial of further equitable relief, in the form of reinstatement, front pay, and pension and other benefits. We review the district court's order denying equitable relief, such as pension credits or other benefits of retirement, for abuse of discretion. *Sharkey v. Lasmo (AUL Ltd.)*, 214 F.3d 371, 374 (2d Cir. 2000). The district court carefully considered what evidence the jury may have credited or discredited, and the court concluded that the damages awarded by the jury were sufficient to make

the Plaintiffs whole, and that no further equitable relief was warranted.  We see no abuse of discretion in the district court's decision.

Finally, Plaintiffs Watson and Abdallah challenge the district court's denial of their request for injunctive relief.  We review a district court's denial of a motion for injunctive relief for abuse of discretion.  *Forschner Group, Inc. v. Arrow Trading Co.*, 124 F.3d 402, 406 (2d Cir. 1997).  The district court concluded that Plaintiffs failed to identify a cognizable danger of recurrent violations and, consequently, denied Plaintiffs' request for injunctive relief.  We agree.

We have considered the parties' remaining arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED** in part and **REVERSED** in part.  The matter is remanded for entry of a further amended judgment to reinstate the jury's award of punitive damages to each of the Plaintiffs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

13