13-3762-cv
*Garay v. Novartis Pharmaceuticals Corp.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

———————————————————————

JAMIE GARAY,

> *Plaintiff-Appellant*,

> > v.                                                     No. 13-3762-cv

NOVARTIS PHARMACEUTICALS CORPORATION,
RICHARD SCATONI, WILLIAM SHAUN RILEY,
IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES,

> *Defendants-Appellees.*

———————————————————————

**FOR PLAINTIFF-APPELLANT:**          Jamie Garay, *pro se*, Stony Brook, NY.

**FOR DEFENDANTS-APPELLEES:**          Edward Cerasia II, Aaron Warshaw, Cerasia
                                                              & Del Rey-Cone LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings.

Plaintiff Jamie Garay, proceeding *pro se*, appeals from the District Court's September 5, 2013 judgment, granting defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and dismissing with prejudice Garay's complaint alleging age discrimination and retaliation, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and the New York Human Rights Law, N.Y. Exec. Law § 296. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of judgment on the pleadings pursuant to Rule 12(c). *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). In order to survive a motion for judgment on the pleadings, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010) (internal quotation marks omitted). We must draw all reasonable inferences in favor of the plaintiff. *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam) (stating that a Rule 12(c) dismissal is reviewed under the same standard as a Rule 12(b)(6) dismissal).

After an independent review of the record and relevant case law, we conclude that the District Court properly dismissed Garay's complaint, largely for the reasons stated in its September 3, 2013 order. Namely, Garay failed to sufficiently plead a discrimination claim because she did not allege that she had suffered an adverse employment action, and she failed to establish a retaliation claim because the alleged protected activities either were unrelated to her age or had occurred after the alleged retaliatory act.

While the District Court's ruling was otherwise sound, it erred in denying Garay leave to amend her complaint on futility grounds. As a general rule, "leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation marks and citation omitted). We have thus held that "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). We review the denial of leave to amend based on futility *de novo*. *Hutchison v. Deutsche Bank Secs. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011).

Garay alleged, in her opposition to Novartis's motion for judgment on the pleadings,[1] that she was unable to perform the functions of her job as of December 2010—after she received her termination letter but before she was declared totally disabled. This was because Novartis required Garay to return all equipment necessary to perform her job, including, among other items, her company-issued laptop, cell phone, credit card, and car. Such actions belie the District Court's holding of futility, inasmuch as adverse employment actions may be evident from "significantly diminished material responsibilities, or other indices . . . unique to a particular situation." *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (internal quotation marks omitted). We therefore vacate that portion of the District Court's judgment denying Garay leave to amend her complaint and remand the cause to allow Garay to amend her discrimination claims.

We have considered all of Garay's remaining arguments on appeal and find them to be without merit. Accordingly, the September 5, 2013 judgment of the District Court is **AFFIRMED** in part, **VACATED** in part, and the cause is **REMANDED** for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] That this allegation was raised for the first time in Garay's opposition papers is of no consequence. In *Nielsen*, we vacated the denial of leave to amend on futility grounds because, "[i]f [plaintiff's] complaint were amended to include the allegations in his opposition to the motion to dismiss, the complaint would sufficiently set forth the . . . element of his . . . claim" that the district court found was inadequately alleged. 746 F.3d at 64. Here, just as in *Nielsen*, if the complaint were amended to include the allegations in Garay's opposition and accompanying affidavits, the deficiency the District Court identified would seemingly be cured.