14-853-cv
Obot v. Sallie Mae

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand fifteen.

PRESENT:
> AMALYA L. KEARSE,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

Otu A. Obot,

> *Plaintiff-Appellant*,

> v.                                                                 14-853

Sallie Mae,

> *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:              Otu A. Obot, pro se, Amherst, NY.

FOR DEFENDANT-APPELLEE:              Michael Del Valle, Sessions, Fishman, Nathan & Israel LLC, Amherst, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*, Schroeder, *M.J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Otu A. Obot, proceeding pro se, appeals the district court's dismissal of his action challenging fees and penalties accrued on his student loans, and seeking damages for alleged constitutional and statutory violations, for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions . . . are not entitled to the assumption of truth." *Id.* at 678, 679.

Here, the record and relevant case law reveal that the district court correctly ruled that Obot failed to state a claim because Sallie Mae was neither a government actor, as required to maintain his constitutional claims, nor a debt collector, as required to maintain his claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq., see id.* § 1692a(6)(F)(iii) (defining "debt collector" to exclude "any person collecting . . . a debt which was not in default at the time it was

2

obtained"). It also properly ruled that his claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, as amended by the Fair and Accurate Credit Transactions Act of 2003, Pub. L. 108-159, 117 Stat. 1952, failed because he alleged no facts to suggest that he had noticed a dispute to a credit reporting agency regarding Sallie Mae's reporting of his delinquent student loan obligations. *See* 15 U.S.C §§ 1681n, 1681*o* (authorizing a private right of action); 1681s-2(b) (outlining duties triggering that private right of action, and conditioning those duties on notice of dispute to credit reporting agency). Except as discussed below, we affirm for the reasons stated in the magistrate judge's well-reasoned and thorough Report and Recommendation, adopted in its entirety by the district court.

Obot's contention that the wrong legal standard was employed to judge the sufficiency of his pleadings is without merit. The Report and Recommendation correctly recited the binding standard for review of Rule 12(b)(6) motions pronounced by the Supreme Court in *Twombly*, 550 U.S. at 570, and *Iqbal*, 556 U.S. at 678.

Obot's assertion that the district court abused its discretion by ignoring Sallie Mae's alleged defaults is similarly without merit. The record indicates that Obot filed his complaint on June 24, 2013, and that, on July 16 and 17, 2013, Sallie Mae timely moved for, and the district court granted, an extension to August 19, 2013. Sallie Mae timely filed its motion to dismiss on August 19, 2013. There is thus no indication in the record to support Obot's contention that he was entitled to a default judgment.

Despite Obot's claims to the contrary, none of the additional claims discussed in his brief appear in his original complaint, and an amended complaint was never filed with the district court. The "amended pleading" contained in his response to Sallie Mae's motion to dismiss, which

3

purported to add claims pursuant to Federal Rule of Civil Procedure 15(a), did not comply with the requirements of that rule. Moreover, even if considered, these claims are without merit. Generally, "[a] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted). We have thus reversed the dismissal of pro se claims where allegations first raised in an opposition, taken alone or in conjunction with those contained in the complaint, are sufficient to state a claim. *See id.* at 62-64; *Garay v. Novartis Pharm. Corp.*, 576 F. App'x 24, 25-26 (2d Cir. 2014) (summary order). That is not the case here. Consideration of the "amended pleading" simply confirms that amendment of the complaint would be futile, as Obot failed to allege a basis for any of his additional claims sufficient to meet the Rule 8(a)(2) pleading requirements, much less plead facts sufficient to survive a Rule 12(b)(6) motion to dismiss.

We have considered all of Obot's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4