Barnett v. Mount Vernon Police Department

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand thirteen.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges.*

---

Tafari Barnett,

> *Plaintiff-Appellee*,

> v.                                                                No. 12-1381

Mount Vernon Police Department,

> *Defendant,*

Detective Baia, Detective Boncardo,

> *Defendants-Appellants.*

---

For Defendants-Appellants**:**   Hina Sherwani, Assistant Corporation Counsel, Mount Vernon, NY.

For Plaintiff-Appellee:   Tafari Barnett, *pro se*, Oakdale, LA.

Appeal from a decision of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the district court is **AFFIRMED.**

This is an interlocutory appeal from the district court's denial of a Rule 12(c) motion for a judgment on the pleadings. Plaintiff-Appellee Tafari Barnett, proceeding *pro se*, filed a complaint alleging that Defendants-Appellants Baia and Boncardo (collectively, "the defendants") arrested him without probable cause in violation of 42 U.S.C. § 1983. The defendants argued that they were entitled to qualified immunity on the pleadings; however, the district court found that whether the defendants were immune from suit could not be resolved as a matter of law based on the complaint and the exhibits attached to the complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

"[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' . . . notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). As with a motion to dismiss under Rule 12(b)(6), we review a district court's decision on a motion for judgment on the pleadings *de novo*, accepting the plaintiff's factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. *Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009). We, like the district court, must consider only those facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference,

---

[1] Although Barnett has failed to file a brief responding to the defendants' arguments, an appellee's failure to file a brief on appeal does not divest this court of appellate jurisdiction. *Chao v. Russell P. Le Frois Builder, Inc.*, 291 F.3d 219, 225-26 (2d Cir. 2002).

2

and items of which judicial notice may be taken. *See Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

As a result of this standard of review, a defendant asserting a qualified immunity defense on a motion to dismiss "faces a formidable hurdle . . . and is usually not successful." *Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 191-92 (2d Cir. 2006). The defense will succeed only where entitlement to qualified immunity can be established "based [solely] on facts appearing on the face of the complaint." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). For these reasons, a motion to dismiss "is a mismatch for immunity and almost always a bad ground of dismissal." *Id.* (quoting *Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring in part)). Because the standard of review is the same on a motion for judgment on the pleadings, *see Johnson*, 569 F.3d at 43-44, the hurdle for the defendants here is similarly formidable. Defendants moving to dismiss a suit by reason of qualified immunity would in almost all cases be well advised to move for summary judgment, rather than for dismissal under Rule 12(b)(6) or 12(c).

The existence of either actual probable cause or arguable probable cause establishes qualified immunity from a false arrest claim, *see Savino*, 331 F.3d at 76; therefore, the sole issue on this appeal is whether the defendants can demonstrate based only on the complaint and documents attached to the complaint that probable cause existed for Barnett's arrest. We agree with the district court that the defendants have failed to show "on the face of the complaint" that probable cause or arguable probable cause existed to arrest Barnett. *See McKenna*, 386 F.3d at 436.

The complaint alleges that the defendants relied solely on the victim Dwight Douse's identification of Barnett in a photo array to establish probable cause even though Douse actually identified someone else in the array. As the district court found, Barnett pled sufficient facts to plausibly indicate that Douse identified someone other than the plaintiff and that the defendants did not have probable cause to arrest Barnett based on Douse's identification. Therefore, the defendants are not entitled to qualified immunity on the pleadings unless the documents attached by Barnett to his complaint (or any documents incorporated by reference into the complaint) demonstrate that the defendants had probable cause for other reasons.

Although the defendants point to additional evidence that they contend establishes probable cause, they glean most of that evidence from documents that were not included with the complaint. This evidence, as the district court explicitly notified the defendants, could only be considered on a motion for summary judgment and *not* on a motion for judgment on the pleadings. The only facts contained in, or attached to, Barnett's complaint that could demonstrate probable cause for his arrest were statements in a transcript of a police interview of Douse on August 27, 2009, when he was first shown a photo array. These recorded statements were Douse's statements that he was with Nordia Wright at the time of the assault and that he had heard that Nordia was the mother of Barnett's child, and a statement of one of the defendant police officers to Douse that "[i]n Nordia's original Police Report she lists Tafari Barnett as the suspect." The meaning of the apparently paraphrased, hearsay statement attributed by the police officer to Nordia is too unclear to establish that she was naming Barnett as the assailant.

Other evidence submitted by the defendants provides additional information about Wright's initial identification of Barnett and subsequent withdrawal of her identification and might well demonstrate that the defendants had probable cause. The defendants contend that we should consider this information. However, the documents containing the relevant information cannot reasonably be construed as incorporated by reference into Barnett's complaint because he did not even mention them. As the district court explained, "[t]hose facts are not the basis of Plaintiff's allegations in his complaint," *Barnett v. Mount Vernon Police Dep't*, No. 10 Civ. 03899, 2012 WL 733865, at \*2 (S.D.N.Y. Mar. 5, 2012), and we therefore cannot consider them on a motion for judgment on the pleadings.

The defendants can, however, renew their qualified immunity defense upon a motion for summary judgment with the district court. Additionally, the district court would be well within its discretion to limit any discovery to the issue of qualified immunity, and we express no opinion concerning any other limits that the district court might impose on the discovery process. As the Supreme Court has explained, qualified immunity must be addressed promptly before a public official is dragged through an entire litigation. *See Butz v. Economou*, 438 U.S. 478, 507-08 (1978).

We have considered the defendants' remaining arguments and find them to be without merit. Accordingly, the decision of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5