23-1115-cv
*Best Brands Consumer Prods., Inc. v. Versace 19.69 Abbigliamento Sportivo S.R.L, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand twenty-four.

PRESENT:     JON O. NEWMAN,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*,
             GARY S. KATZMANN,
                  *Judge*.\*

---

BEST BRANDS CONSUMER PRODUCTS, INC.

    *Plaintiff-Appellant*,

      v.                                                          No. 23-1115-cv

VERSACE 19.69 ABBIGLIAMENTO
SPORTIVO S.R.L.; VALERO ENTERPRISES,
INC.,

    *Defendants-Appellees*,

---

\* Judge Gary S. Katzmann of the United States Court of International Trade, sitting by designation.

THEOFANIS PAPADAS; V1969 VERSACE
SMO LLC; V1969 VERSACE HG LLC;
V1969 USA LLC; PJB BRANDS LTD.,

    *Defendants*.

_____

FOR PLAINTIFF-APPELLANT:        MORRIS E. COHEN, Goldberg Cohen LLP, New York, NY.

    Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, J.).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

    Plaintiff-Appellant Best Brands Consumer Products, Inc. ("Best Brands") appeals from the July 5, 2023, judgment of the District Court. Best Brands, a wholesaler of consumer products, alleged that Versace 19.69 Abbigliamento Sportivo S.R.L. ("Versace 19.69") and its agent Valero Enterprises, Inc. ("Valero") fraudulently induced it to enter into a trademark licensing agreement (the "Agreement") by falsely representing the nature of Versace 19.69's ownership of the "V 1969 Italia" trademark ("the Trademark").[1] Best Brands further alleged that the "purpose of entering the Agreement [was] substantially frustrated" after Versace 19.69 was sued for trademark infringement in the District Court for the Northern District of California, and the Trademark was challenged before the United States Patent and Trademark Office. App'x at 33. Best Brands brought

---

[1] Best Brands voluntarily dismissed its claims against five other defendants.

claims for breach of contract, unjust enrichment, fraud, and breach of warranty, and sought a declaratory judgment that Versace 19.69 did not own rights in the Trademark.

Versace 19.69 and Valero failed to respond to the complaint, and the District Court entered defaults against them. After a hearing in damages, the Magistrate Judge issued a Report and Recommendation ("R&R") concluding that the well-pleaded facts in the complaint established Versace 19.69's liability for breach of contract and Valero's liability for fraud. The R&R recommended that default judgments enter against both "Versace 19.69 and Valero, jointly and severally, in the amount of $90,882.71 in damages, together with prejudgment interest," and certain costs. Best Brands Consumer Prods., Inc. v. Versace 19.69 Abbigliamento Sportivo S.R.L., No. 1:17CV04593(VSB)(SDA), 2020 WL 8678085, at \*11 (S.D.N.Y. Oct. 1, 2020) ("Best Brands R&R"). The R&R also recommended awarding attorneys' fees against Versace 19.69 only, in the amount of $2,720, for fees Best Brands incurred responding to a third-party subpoena in the Northern District of California trademark infringement action. See id. at \*10. The R&R recommended denial of Best Brands' request for a declaratory judgment terminating the Agreement and its claim for attorneys' fees for prosecuting this action. See Best Brands R&R, 2020 WL 8678085, at \*11.

Best Brands and Versace 19.69 each filed objections to the R&R and responded to each other's objections. Valero did not object or respond. Best Brands filed a reply to Versace 19.69's response to its objection, but the District Court granted Versace 19.69's motion to strike that reply. The District Court subsequently adopted the R&R in its entirety. See generally Best Brands Consumer Prods., Inc. v. Versace 19.69

Abbigliamento Sportivo S.R.L., No. 1:17CV04593(VSB), 2023 WL 4348354 (S.D.N.Y. July 5, 2023) ("Best Brands Ruling").

On appeal, Best Brands argues that the District Court erred by striking its reply brief in further support of its objections to the R&R, and by denying its claim for attorneys' fees incurred prosecuting this action.[2] Neither Versace 19.69 nor Valero has filed an appearance in this appeal.[3] We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal, which we recite only as necessary to explain our decision to affirm.

## I.    Reply Brief

The District Court struck Best Brands' reply to Versace 19.69's response to Best Brands' objections to the R&R because "[t]he briefing schedule provided by Judge Aaron did not call for reply briefs." Best Brands Consumer Prods., Inc. v. Versace 19.69 Abbigliamento Sportivo, S.R.L., No. 1:17CV04593(VSB), ECF #134 (S.D.N.Y. Dec. 8, 2022). Best Brands contends that this was improper because Judge Aaron did not expressly bar the filing of a reply. However, Best Brands made no argument in its briefing before this Court that consideration of the reply brief would have altered the District Court's conclusion, or that the striking of the reply brief prejudiced it in any way.

---

[2] At oral argument, Best Brands acknowledged that its request for a declaratory judgment terminating the Agreement is moot because the Agreement terminated by its own terms on June 30, 2020. See App'x at 46.

[3] The non-appearance of the nominal appellees does not affect our jurisdiction to hear this appeal. See, e.g., Barnett v. Mount Vernon Police Dep't., 523 F. App'x 811, 812 n.1 (2d Cir. 2013) (summary order).

<u>Cf.</u> Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). At oral argument, Best Brands contended for the first time that the reply brief was important because it raised an argument that the Agreement's reference to "goodwill indemnity," App'x at 56, supports its claim for attorneys' fees. But Best Brands did not make this argument – or any substantive argument about the goodwill indemnity issue – in its briefing, and "normally we will not consider arguments raised for the first time at or after oral argument." <u>United States v. Quinones</u>, 317 F.3d 86, 90 n.2 (2d Cir. 2003) (citation and quotation marks omitted). Accordingly, we find the goodwill indemnity argument forfeited. In any event, a District Court enjoys broad discretion in determining the appropriate scope of briefing before it, and we see no abuse of that discretion here.

## II.     Attorneys' Fees

"On a motion for default judgment after default has entered, a court is required to accept all of the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but it is also required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." <u>Mirlis v. Greer</u>, 80 F.4th 377, 383 (2d Cir. 2023) (citation and quotation marks omitted). We review <u>de novo</u> a denial of attorneys' fees where, as here, the claim depends on the interpretation of a contract, and the appellant contends that the District Court made an error of law. <u>See</u> <u>Oscar Gruss & Son, Inc. v. Hollander</u>, 337 F.3d 186, 198 (2d Cir. 2003).

The Agreement does not contain a traditional "fee-shifting" provision. Rather, Best Brands argues that Versace 19.69 and Valero, as Versace 19.69's agent, are liable for the

5

attorneys' fees Best Brands incurred in prosecuting this action under the Agreement's indemnification provision. See App'x at 56. Pursuant to the Agreement, we interpret the indemnification provision under New York law. See App'x at 63; see also Turtur v. Rothschild Registry Int'l, Inc., 26 F.3d 304, 310 (2d Cir. 1994). Under New York law, indemnification provisions are "strictly construed." Hooper Assocs., Ltd. v. AGS Computers, Inc., 548 N.E.2d 903, 905 (N.Y. 1989). Furthermore, because "a promise by one party to a contract to indemnify the other for attorney's fees incurred in litigation between them is contrary to the well-understood rule that parties are responsible for their own attorney's fees, the court should not infer a party's intention to waive the benefit of the rule unless the intention to do so is unmistakably clear from the language of the promise." Id.

The indemnification provision here does not contain "unmistakably clear" language to support Best Brands' position. Id. To the contrary, its plain language provides for payment of fees only if Best Brands is forced to defend a claim, rather than, as here, where Best Brands brings a claim. See App'x at 56; see also id. at 57 (providing that upon notification of an action, "Indemnitor . . . shall take such action as it deems advisable to defend such action, claim or proceeding on behalf of the Indemnitee"). Its plain language also suggests that it is intended to provide for indemnification as against third party actions, rather than actions between the parties. See Best Brands R&R, 2020 WL 8678085, at *8-10; Best Brands Ruling, 2023 WL 4348354, at *2-3. Accordingly, we affirm the District Court's order as to attorneys' fees.

6

We have considered Best Brands' remaining arguments and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court